IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR GRANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-3349-M-BN |
| MUNICIPAL COURT, ET AL., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Victor Grana has filed a complaint against the Municipal Court, presumably for the City of Dallas, requesting that two citations (Nos. C19150949 01 and C20294163 01) be dismissed because, Plaintiff asserts, there is a lack of evidence. *See* Dkt. No. 3. This case has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). For the reasons explained below, the complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of this Court.

**Background**

Plaintiff's complaint [Dkt. No. 3] and his motion to proceed *in forma pauperis* [Dkt. No. 4] were docketed on September 16, 2014. On September 18, 2014, the Court granted the motion, *see* Dkt. No. 5, and issued to Plaintiff written interrogatories to obtain additional information about the factual basis of this action, *see* Dkt. No. 6. Through both the order granting Plaintiff leave to proceed *in forma pauperis* and the

written interrogatories, the Court ordered Plaintiff to, at all times during the pendency of this action, immediately notify the Court of any change of address. *See* Dkt. No. 5 at 1; Dkt. No. 6 at 1-2. The failure to do so, Plaintiff was warned, may result in the dismissal of his action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See id.*

All of the Court's communications sent to Plaintiff at the only address that he has provided – the address listed on his complaint – has been returned as undeliverable. *See* Dkt. Nos. 7 & 8 (advising that Plaintiff is "not in [the] Dallas County Jail"). And Plaintiff has not otherwise contacted the Court since filing this action.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (42 U.S.C. § 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Where the sole contact that Plaintiff has with the Court is filing his lawsuit, and all communications sent by the Court to Plaintiff – at the only address that Plaintiff provides – is returned as undeliverable, the Court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit. *See, e.g., Wingert v. Lebanon Cnty. Corr. Facility Med. Dep't*, Civil No. 3:CV-07-0224, 2007 WL 674508, at *1 (M.D. Pa. Feb. 28, 2007) ("Plaintiff has failed to provide the court with any forwarding address. The one and only contact the court has had from Plaintiff is when he initiated this action on February 5, 2007. Every document the court has attempted to mail to Plaintiff has been returned. Upon telephone inquiry to [the correctional facility], the court verified that Plaintiff had been released from prison on February 5, 2007. Because several weeks have passed and Plaintiff has failed to provide the court with a new address, the court assumes he no longer wishes to pursue this action.") (dismissing pursuant to Rule 41(b)).

By neither providing the Court with his current address nor answering the Court's written interrogatories, Plaintiff has prevented this action from proceeding and, thus, has failed to prosecute his lawsuit and obey the Court's orders. The Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation

Petitioner's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this

recommendation, Plaintiff contacts the Court, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 6, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE